THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| AMERICAN EQUIPMENT SYSTEMS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>TREVOR CHESTER, an individual; ROGER RAY, an individual; and CRANETECH, INC., a California corporation,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART [4] PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY**<br><br>Case No. 2:23-cv-00680-DBB-DBP<br><br>District Judge David Barlow |

Before the court is Plaintiff American Equipment Systems, LLC's ("AES") Motion for Expedited Discovery.[1] AES seeks to conduct expedited discovery against Defendants CraneTech, Inc. ("CraneTech"), Trevor Chester ("Mr. Chester"), and Roger Ray ("Mr. Ray") (collectively "Defendants") to support its motion for a preliminary injunction.[2] For the reasons below, the court grants AES's motion in part.[3]

## BACKGROUND

AES is a Utah company that conducts "overhead crane installation, inspection, repair, and maintenance services" on customized crane and hoist equipment.[4] In early 2015, AES hired Mr. Chester as a service technician.[5] CraneTech, a company that also provides overhead crane

---

[1] Mot. for Expedited Discovery, ECF No. 4, filed Sept. 29, 2023.
[2] Pl.'s Mot. for Prelim. Inj. ("Prelim Inj. Mot."), ECF No. 3, filed Sept. 29, 2023.
[3] Having considered the briefing and relevant law, the court decides the motion without oral argument. *See* DUCivR 7-1(g).
[4] Decl. of Troy Vellinga ("Vellinga Decl.") ¶ 5, ECF No. 3-1, filed Sept. 29, 2023.
[5] *Id.* at ¶ 18.

and hoist solutions,[6] recruited Mr. Chester in April 2023.[7] Two months later, Mr. Chester resigned from AES and started working for CraneTech.[8] AES hired Mr. Ray as a service technician in 2006.[9] Mr. Ray resigned from AES on September 15, 2023, and became a CraneTech employee three days later.[10] Since June 2023, six AES customers have transferred their business to CraneTech and eleven AES employees have left AES for CraneTech.[11]

On September 29, 2023, AES sued Defendants for trade secret misappropriation, interference with economic and contractual relationships, and breach of contract.[12] AES alleges Mr. Chester and Mr. Ray agreed to abide by non-competition and non-solicitation restrictive covenants designed to "prohibit unfair competition and interference with AES's relationships with its customers and employees."[13] Specifically, AES asserts Mr. Chester and Mr. Ray signed these agreements with AES's predecessors and AES "subsequently assigned or purchased" those agreements.[14] AES further alleges CraneTech conspired with Mr. Chester and Mr. Ray to recruit AES employees and solicit AES customers,[15] that Mr. Chester misappropriated AES trade secrets for CraneTech's benefit,[16] that Mr. Chester and Mr. Ray relied on trade secrets to recruit

---

[6] *Id.* at ¶ 48.
[7] Decl. of Trevor Chester ("Chester Decl.") ¶ 9, ECF No. 34-2.
[8] Vellinga Decl. ¶¶ 46–48.
[9] *Id.* at ¶ 30.
[10] *Id.* at ¶¶ 68, 71; Decl. of Roger Ray ("Ray Decl.") ¶ 10, ECF No. 34-3.
[11] Vellinga Decl. ¶¶ 51–52.
[12] Compl. ¶¶ 83–114.
[13] *Id.* at ¶¶ 19–20, 27–28, 37–38; *see* Vellinga Decl. ¶¶ 23–28, 34–38.
[14] Compl. ¶¶ 28, 38; Ex. B & C to Vellinga Decl. AES acquired substantially all of assets of American Equipment, Inc. and American Crane Group LLC, and acquired the equity of 4 Olio Crane Group, LLC. Compl. ¶ 16.
[15] Compl. ¶¶ 53–54, 73–74.
[16] *Id.* at ¶ 69.

AES employees and solicit AES customers,[17] and that the two former AES employees will continue to do so.[18]

AES sought a preliminary injunction on September 29, 2023, to "enforce[] the contractual promises made by Chester and Ray in their respective restrictive covenant agreements and prohibit[] Defendants from misappropriating . . . trade secrets" for CraneTech's benefit.[19] AES filed its motion for expedited discovery the same day.[20] It moves for leave to serve Defendants interrogatories and requests for document production and to require answers and responses within ten days.[21] The matter is fully briefed.[22]

## DISCUSSION

Generally, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)[.]"[23] But a court may exercise its broad discretion to "alter the timing, sequence, and volume of discovery[,]" including granting expedited discovery.[24] The party seeking expedited discovery has the burden to show "good cause for the requested departure from usual discovery procedures."[25] "Good cause may be found where the plaintiff's need for expedited discovery outweighs the possible prejudice or hardship to the defendant."[26] For example, good cause may exist "where a party seeks a preliminary injunction" or "where

---

[17] *Id.* at ¶¶ 55, 65, 75.
[18] *Id.* at ¶¶ 65, 75.
[19] Prelim Inj. Mot. 3.
[20] *See* Mot. for Expedited Discovery.
[21] *See* Ex. A to Mot. for Expedited Discovery, ECF No. 4-1.
[22] *See* ECF Nos. 33, 38.
[23] Fed. R. Civ. P. 26(d)(1).
[24] *Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003); *see Washington v. Correia*, 546 F. App'x 786, 787 (10th Cir. 2013) (unpublished) (finding that "[i]t was well within the court's discretion to decline to authorize expedited discovery").
[25] *Sunstate Equip. Co., LLC. v. Equip. Share*, No. 2:19-cv-00784, 2020 WL 429479, at *2 (D. Utah Jan. 28, 2020) (citation omitted).
[26] *Hawley v. Bowser*, CIV No. 06-004, 2006 WL 8444279, at *4 (D.N.M. Apr. 7, 2006).

physical evidence may be consumed or destroyed with the passage of time."[27] A pending

injunction motion alone may not be enough to merit expedited discovery.[28]

     Courts typically apply several factors in determining whether to grant the request:

"(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests;

(3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to

comply with the requests; and (5) how far in advance of the typical discovery process the request

was made."[29] "These factors are not binding, and the [c]ourt has discretion on whether to

authorize expedited discovery."[30] The court discusses each factor in turn.

---

[27] *Doe 1 v. Miles*, No. 1:18-cv-00121, 2019 WL 201567, at *1 (D. Utah Jan. 15, 2019) (citations omitted); *see Pod-Ners, LLC v. N. Feed & Bean of Lucerne Ltd. Liab.*, 204 F.R.D. 675, 676 (D. Colo. 2002) ("[E]xpedited discovery may be appropriate in cases where the plaintiff seeks a preliminary injunction." (citing *Revlon Consumer Prods. Corp. v. Jennifer Leather Broadway, Inc.*, 858 F. Supp. 1268, 1269 (S.D.N.Y.1994), *aff'd*, 57 F.3d 1062 (2d Cir. 1995))).

[28] *See Colo. Mont. Wyo. State Area Conf. of the NAACP v. U.S. Election Integrity Plan*, No. 22-cv-00581, 2022 WL 1443057, at *1 (D. Colo. May 6, 2022) (citing *Qwest Commc'ns*, 213 F.R.D. at 419–20).

[29] *Grayeyes v. Cox*, No. 4:18-cv-00041, 2018 WL 3421340, at *1 (D. Utah July 13, 2018). Defendants appear to contend the court should apply the so-called *Notaro* factors. *See* Opp'n 1 (citing *Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y. 1982)). "*Notaro*'s factors are (1) irreparable injury; (2) a probability of success on the merits; (3) a connection between the expedited discovery and avoidance of irreparable harm; and (4) evidence that injury that will result without the expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted." *Falcon Indus., Inc. v. Combat Optical, Inc.*, No. CIV-12-679, 2012 WL 13076232, at *1 (D.N.M. Sept. 26, 2012) (citing *Notaro*, 95 F.R.D. at 405). By considering the *Notaro* factors, the court would effectively apply a heightened preliminary injunction standard. But courts in this circuit overwhelmingly apply the less restrictive "good cause standard[.]" *See, e.g.*, *Ainstein AI, Inc. v. ADAC Plastics, Inc.*, No. 23-2166, 2023 WL 3568661, at *3 (D. Kan. May 19, 2023); *U.S. Election Integrity Plan*, 2022 WL 1443057, at *2; *Knight v. Oklahoma ex rel. Okla. Dep't of Pub. Safety*, No. 22-cv-00069, 2022 WL 1091591, at *2 n.4 (N.D. Okla. Apr. 12, 2022); *accord Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275 (N.D. Cal. 2002) ("The Court rejects the rigid *Notaro* standard and is persuaded that the more flexible good cause standard . . . is the appropriate standard under Rule 26(d).").

[30] *U.S. Election Integrity Plan*, 2022 WL 1443057, at *2 (citing *Qwest Commc'ns*, 213 F.R.D. at 419); *see Denver Homeless Out Loud v. Denver*, No. 20-cv-2985, 2020 WL 6585795, at *2 (D. Colo. Nov. 10, 2020) ("[I]n every case, the court has the discretion, in the interests of justice, to prevent excessive or burdensome discovery." (citing Fed. R. Civ. P. 26(b)(2); *Mack v. Great Atl. & Pac. Tea Co.*, 871 F.2d 179, 187 (1st Cir. 1989); *Otis Clapp & Son, Inc. v. Filmore Vitamin Co.*, 745 F.2d 738, 743 (7th Cir. 1985))).

## I.     AES Seeks a Preliminary Injunction.

The first factor concerns whether a preliminary injunction is at issue. Here, AES seeks to enjoin Defendants from misappropriating trade secret information, to enjoin Mr. Chester from working for CraneTech in certain areas and from soliciting AES customers, to enjoin Mr. Ray from soliciting AES customers, to enjoin Mr. Chester and Mr. Ray from encouraging AES employees to quit, and to enjoin CraneTech from encouraging Mr. Chester or Mr. Ray to violate their agreements.[31] While the court has not set a hearing for the motion, the matter is fully briefed.[32] As such, the first factor weighs in favor of granting AES's request.

## II.     The Expedited Discovery Requests Are Narrowly Tailored.

Next, the court considers the scope of the expedited discovery. AES contends its requests are narrowly tailored "to identify the trade secrets that Defendants have misappropriated and used, the location of such information, and the extent of Defendants' unfair competitive activity."[33] For their part, Defendants contend AES's discovery requests focus on past conduct, "which would have little, if any, bearing on irreparable injuries that may occur *pendente lite*."[34] And Defendants argue the requests are overbroad, ambiguous, and have an unlimited scope.[35]

"[P]reliminary injunctive relief cannot remedy harm that already has occurred."[36] "Although the scope of discovery under the federal rules is broad, parties may not engage in a

---

[31] Prelim Inj. Mot. 3–4.
[32] *See* ECF Nos. 3, 34–35.
[33] Mot. for Expedited Discovery 2.
[34] Opp'n 3.
[35] *Id.* at 3 n.1 (citing requests for production that seek "[a]ll Documents and Communications").
[36] *City P'ship Co. v. IR-TCI Partners V, L.P.*, 252 F. Supp. 2d 1114, 1118 (D. Colo. 2003).

'fishing expedition' attempting to obtain evidence to support their claims or defenses."[37] Discovery should center on the issues raised by the motion for preliminary injunction.[38]

AES's requests do not focus only on past damages. AES moves to enjoin Defendants from future wrongful conduct because it believes Mr. Chester and Mr. Ray continue to use AES trade secrets to solicit AES customers and employees for CraneTech's benefit.[39] In particular, AES contends Defendants' unrestrained actions will lessen AES's competitive advantage gained from "its trade secrets, goodwill, and customer relationships . . . ."[40] Most interrogatories and requests for production center on Defendants' interactions with AES, which allegedly continue into the present.[41] AES seeks information to better identify allegedly misappropriated trade secrets,[42] the location of such information,[43] and the extent of Defendants' unfair competitive activity.[44] The requests thus directly support AES's motion for a preliminary injunction.

In addition, AES does not seek "unlimited" discovery. The requests mainly restrict the discovery period for documents from June 1, 2023, to the present.[45] Mr. Chester allegedly first

---

[37] *Blendtec Inc. v. Blendjet, Inc.*, No. 2:21-cv-00668, 2023 WL 3513102, at *1 (D. Utah May 17, 2023) (citing *Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1169 (10th Cir. 2000)).

[38] *See, e.g.*, *SRA Ins. Agency, LLC v. Virtus LLC*, No. 21-2181, 2021 WL 1840065, at *7 (D. Kan. May 7, 2021) ("Expedited discovery in this case shall be limited exclusively to efforts designed to discern the nature and scope of any breaches . . . of the [agreement].").

[39] Vellinga Decl. ¶¶ 65, 67, 72; *see* Proposed Prelim. Inj., ECF No. 3-2.

[40] Prelim Inj. Mot. 21.

[41] *See, e.g.*, Pl.'s First Set of Interrogs. & Reqs. for Produc. of Docs. & Things to Def. Roger Ray ("Interrogs. to Ray") 8, ECF No. 4-1, at 21 (Interrog. Nos. 6–9).

[42] *See, e.g.*, Pl.'s First Set of Interrogs. & Reqs. for Produc. of Docs. & Things to Def. CraneTech, Inc. ("Interrogs. to CraneTech") 8–9, ECF No. 4-1 (Interrog. Nos. 12–13, 16); Interrogs. to Ray 8 (Interrog. Nos. 8–9); Pl.'s First Set of Interrogs. & Reqs. for Produc. of Docs. & Things to Def. Trevor Chester ("Interrogs. to Chester") 8–9, ECF No. 4-1 (Interrog. Nos. 9–12).

[43] *See, e.g.*, Interrogs. to CraneTech 9–11 (Interrog. No. 13; Produc. Reqs.); Interrogs. to Ray 8–11 (Interrog. Nos. 8–9; Produc. Reqs.); Interrogs. to Chester 8–11 (Interrog. Nos. 9–12; Produc. Reqs.).

[44] *See, e.g.*, Interrogs. to CraneTech 9–11 (Interrog. No. 14; Produc. Reqs.); Interrogs. to Ray 7–11 (Interrog. Nos. 4–9; Produc. Reqs.); Interrogs. to Chester 7–11 (Interrog. Nos. 4–8; Produc. Reqs.).

[45] *See, e.g.*, Interrogs. to CraneTech 8 (Interrog. Nos. 9–12). One exception is AES's requests for document production of electronic devices from January 2023 to the present. *See, e.g.*, Interrogs. to Chester 11 (Produc. Req. Nos. 13–14).

dealt with CraneTech in April 2023.[46] He left AES for CraneTech on June 21, 2023.[47] And Mr. Ray quit AES on September 15, 2023.[48] The requests are thus reasonably tailored. They generally seek information about Defendants' AES-related business activities and communications and documents during a focused time period.

Defendants point to three requests for production as overbroad because AES purportedly requests "[a]ll Documents and Communications[.]"[49] But these requests are not indeterminate. AES seeks documents and communications from June 21, 2023, to the present.[50] Plus, the requests narrow the scope to documents and communications concerning AES. For these reasons, the second factor weighs in favor of expedited discovery.

### III.   AES Demonstrates a Clear Purpose for Expedited Discovery.

AES argues it needs early discovery to determine the extent of its past and future irreparable injury and determine next steps, including a possible preliminary injunction.[51] Defendants respond that AES fails to show good cause or exigent circumstances. Defendants contend that AES has not shown why its allegations of irreparable harm require urgent attention because AES may obtain discovery in the normal course of litigation.[52]

To obtain a preliminary injunction, the "moving party must come forward with evidence showing irreparable injury may occur . . . if the [motion] is not granted."[53] To determine if conduct will cause irreparable harm, courts consider an "inability to calculate damages, harm to

---

[46] Vellinga Decl. ¶¶ 40–43; Chester Decl. ¶¶ 7, 9.
[47] Vellinga Decl. ¶ 44.
[48] *Id.* at ¶¶ 68, 71; Ray Decl. ¶ 10.
[49] Interrogs. to CraneTech 11, ECF No. 4-1, at 12 (Produc. Req. Nos. 15–17).
[50] *Id.*
[51] Mot. for Expedited Discovery 2.
[52] Opp'n 2.
[53] *Qwest Commc'ns*, 213 F.R.D. at 421.

goodwill, diminishment of competitive positions in marketplace, loss of employees' unique services, the impact of state law, and lost opportunities to distribute unique products."[54]

Here, AES contends Mr. Chester and Mr. Ray "continue to disclose and use AES's trade secrets in their position with CraneTech and will continue to compete with AES if an injunction is not issued."[55] AES further argues that "if Defendants are permitted to continue their unlawful acts, the competitive advantage that AES enjoys as a result of its trade secrets, goodwill, and customer relationships will be lost forever."[56] To that end, AES requests expedited discovery to "make a proper evidentiary showing at any forthcoming hearing[.]"[57] This is not an improper request under these circumstances. "[T]he limited purpose of a preliminary injunction 'is merely to preserve the relative positions of the parties until a trial on the merits can be held[.]'"[58] AES seeks to enjoin Defendants from alleged unlawful misappropriation and improper solicitation.[59] Since a party asking for a preliminary injunction must show it will suffer irreparable injury unless the court enjoins the offending parties,[60] discovery in advance of a hearing can allow the court to better determine if AES merits injunctive relief.[61] Indeed, AES moved for expedited discovery concurrent with its preliminary injunction motion.[62]

---

[54] *Mrs. Fields Franchising, LLC v. MFGPC*, 941 F.3d 1221, 1235 (10th Cir. 2019) (citation omitted).
[55] Prelim Inj. Mot. 21.
[56] *Id.*
[57] Reply 4.
[58] *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005) (quoting *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)).
[59] *See* Proposed Prelim. Inj. 8–9.
[60] *Citizens for Const. Integrity v. United States*, 70 F.4th 1289, 1293 (10th Cir. 2023) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).
[61] *See Sara Lee Corp. v. Sycamore Fam. Bakery Inc.*, No. 2:09-cv-00523, 2009 WL 1765294, at *2 (D. Utah June 22, 2009) ("Cases requesting injunctive relief necessarily move quickly. . . . The court views [the p]laintiff's approach in requesting expedited discovery and briefing of the motion to be reasonable and an effort to promote judicial economy.").
[62] *See* ECF Nos. 3–4.

Any urgency in AES's request stems from the motion to enjoin Defendants. AES alleges Mr. Chester and Mr. Ray are presently helping CraneTech recruit AES employees and solicit AES clientele.[63] AES also alleges the two former employees will "use [AES] trade secrets and . . . confidential information and/or disclose them to CraneTech in the process, all to the detriment of AES."[64] Of course, AES could ask for relevant information "in the regular discovery process."[65] But a normal timeline for discovery will not illuminate irreparable harm at an injunction hearing as the court has not yet set a date for a scheduling conference or a scheduling order.[66]

Defendants further argue a lack of urgency in measuring the extent of irreparable harm because they deny any such harm in their Opposition.[67] Defendants' ipse dixit argument is unpersuasive. The court addresses the merits of AES's motion for injunctive relief separately. Here, the court examines only AES's motion for discovery in support of the injunction motion. At issue is not whether AES *will* suffer irreparable injury absent an injunction but whether AES shows good cause for expedited discovery *in advance of* a hearing. For these reasons, AES demonstrates a clear purpose for expedited discovery.

## IV. Defendants Do Not Show that Limited, Properly Scoped Discovery Would Create an Undue Burden.

The next factor concerns whether expedited discovery would place an undue burden on Defendants. AES contends Defendants would not be "unduly burden[ed]" with the expedited

---

[63] Vellinga Decl. ¶ 53.
[64] *Id.* at ¶ 72.
[65] Opp'n 2.
[66] *See* Docket; Fed. R. Civ. P. 26(d)(1), (f)(1).
[67] Opp'n 2.

interrogatories and documents requests.[68] Defendants make no specific argument in response. Still, the court has discretion to "prevent excessive or burdensome discovery" "in the interests of justice[.]"[69] "The [c]ourt's intent is not to authorize . . . discovery that is unduly burdensome. [It] is to permit the plaintiff to conduct reasonable discovery . . . ."[70]

Some of AES's dozens of proposed interrogatories and requests for productions to the three defendants are properly focused on and scoped to the preliminary injunction hearing and a compressed timeline. For example, interrogatories and requests for production about AES's trade secrets and property, as well as agreements between Mr. Chester, Mr. Ray, and CraneTech. Others are clearly not properly focused or scoped, like discovery on shareholders, insurance agreements, other lawsuits, and demands for all other documents related in any way to the allegations in the case. And yet others might potentially have been helpful, but suffer from defects in that they are unlimited in time, cover too broad a subject (like all communications about AES and all communications with any former, current, or prospective AES customer), or otherwise seek information or materials that are better addressed during the normal discovery process. Accordingly, the court will permit only a subset of AES's proposed interrogatories and requests for production to be propounded at this time.

Defendants also face a compressed timeline should the court grant AES's motion.[71] A ten-day deadline for answers and responses is certainly faster than the normal thirty days for

---

[68] Mot. for Expedited Discovery 4.

[69] *Qwest Commc'ns*, 213 F.R.D. at 419 (citing Fed. R. Civ. P. 26(b)(2)); *see Ehrlich v. Union Pac. R.R. Co.*, 302 F.R.D. 620, 625 (D. Kan. 2014) ("A party asserting an unduly burdensome objection to a discovery request has 'the burden to show facts justifying [its] objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome.'" (alteration in original) (quoting *Shoemake v. McCormick, Summers & Talarico II, LLC*, No. 10–2514, 2011 WL 5553652, at *3 (D. Kan. Nov. 15, 2011))).

[70] *Daugherty v. Encana Oil & Gas (USA), Inc.*, 838 F. Supp. 2d 1127, 1134 (D. Colo. 2011).

[71] *See, e.g.*, Interrogs. to CraneTech 1 (providing ten days for Defendants to answer and respond).

interrogatories and requests for production.[72] But Defendants have had notice of AES's requests for two months.[73] While the expedited discovery requests may put some burden on Defendants, it is not undue. On this record, AES's need for limited discovery before a preliminary injunction hearing outweighs any potential prejudice to Defendants.

## V.   AES Makes an Early Request for Discovery.

Last, the court compares timing for the expedited discovery to that of a typical discovery process. AES asserts it makes the requests "within a month or so of a normal Rule 26(f) conference."[74] Defendants offer no counterargument. Under Rule 26(f), parties "must confer as soon as practicable" but at least three weeks before a scheduling conference or when the parties must submit a scheduling order.[75] The court has not set a scheduling conference or a deadline for a scheduling order and the court is unaware of any pending meet and confer.[76] But AES made its request for discovery the same day as it filed its Complaint.[77] Granting AES's requests would result in early discovery. Even so, on this record the court cannot readily determine how the expedited discovery would compare to a normal process. The court thus finds that this factor is neutral.

In sum, AES seeks a preliminary injunction to prevent alleged continued misappropriation and solicitation of AES employees and clients, the court will permit only narrowly tailored discovery, and Defendants have not shown undue burden. As a result, the court

---

[72] Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A).
[73] AES filed its motion for expedited discovery on September 29, 2023.
[74] Mot. for Expedited Discovery 2.
[75] Fed. R. Civ. P. 26(f).
[76] *See* Docket.
[77] *See* ECF Nos. 1, 3.

finds good cause for AES's expedited discovery requests.[78] But 10 days for responses and answers is too short given the subject matter and breadth of the requests. The court will allow Defendants 15 days to respond.

## ORDER

For the foregoing reasons, the court GRANTS IN PART and DENIES IN PART Plaintiff's Motion for Expedited Discovery.[79] AES may serve the following interrogatories and requests for production within 5 days of this Memorandum Decision and Order: CraneTech Interrogatories 3–6, 8, and 12–13; CraneTech Requests for Production 3–7, 12–13, and 15; Ray Interrogatories 2, 4–5 (limited to CraneTech), 6, 7 (limited to CraneTech), and 9; Ray Requests for Production 1 and 3–10; Chester Interrogatories 2, 4–5 (limited to CraneTech), 6, 7 (limited to CraneTech), and 10–12; and Chester Requests for Production 1 and 3–10.[80] Defendants shall have 15 days from the date of service to respond. All further discovery matters will be handled by the Magistrate Judge.

Signed November 28, 2023.

BY THE COURT

_____
David Barlow
United States District Judge

---

[78] Defendants summarily argue that "Plaintiff's Motion does not comply with the requirements of DUCivR 7-1(a) and accordingly is not properly before the Court." Opp'n 3. Because it is unclear on what specific grounds under the local rule Defendants object, the court does not address this argument further.
[79] ECF No. 4.
[80] ECF No. 4-1.

12